

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J.E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. O-1620
Re: Interpretation of Special Rider
to Department of Agriculture Ap-
propriation in S.B. No. 427.

We have received your letter requesting our
opinion as to whether or not there has been a lump sum
appropriation in the special rider to the Department
of Agriculture appropriation in S.B. No. 427 (General
Departmental Appropriation Bill) of "any fees and/or
balances" of the special funds set up in the following
acts, and whether or not such lump sum appropriations
are available to the respective divisions of the De-
partment of Agriculture for the employment of necessa-
ry personnel and the payment of such salaries and other
expenses as are incurred in the enforcement of the pro-
visions of the respective acts:

1. Chapter 7, Article 106, R.C.S., 1925

2. Chapter 3 of Title 4, R.C.S., 1925

3. Article 5764, R.C.S., 1925

4. Article 5695, R.C.S., 1925

5. Chapter 257, Regular Session, 42nd Leg.

6. Chapter 304, Regular Session, 41st Leg.

The special rider to which it makes reference
reads as follows:

"For each of the fiscal years ending August
31, 1940 and August 31, 1941, all fees and/or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

unexpended balances which have been received
and which may be received by virtue of Chapter
7, Article 155, Revised Civil Statutes, 1925;
Chapter 3 of Title 4, Revised Civil Statutes,
1925; Article 5764, Revised Civil Statutes,
1925; Article 5695, Revised Civil Statutes,
1925; Chapter 287, Regular Session, Forty-
second Legislature; Chapter 304, Regular Ses-
sion Forty-first Legislature and House Bill
No. 12, First Called Session, Forty-fifth Leg-
islature and any amendments to any of said acts
are hereby appropriated, after they shall have
been deposited by said Department for the en-
forcement of the above-mentioned Acts and for
the operation and maintenance of said activi-
ties as hereinabove specifically itemized and
in no event shall any of these fees be used
otherwise."

In opinion No. O-1220 of this Department, the
special rider has already been construed in respect to
H.B. No. 12, First Called Session, Forty-fifth Legis-
lature, which creates the Special Jack and Stallion
Fund. The holding in that opinion is as follows:

"The effect of the Governor's veto as per-
taining to the appropriation to the Department
of Agriculture is to eliminate the specific
items 64-a (bookkeeper) and 64-d (travel expense)
under the special Jack and Stallion Fund from
the General Departmental Appropiation Bill;
i.e., S.B. 427 of the 46th Leg.; but the lump
sum appropriation in the special rider of 'any
fees and/or balances' of the Jack and Stallion
Special Fund, which was not vetoed by the Gov-
ernor, would be available to the Jack-Stallion
Division of the Department of Agriculture for
the employment of necessary personnel and the
payment of such salaries and other expenses
as are incurred in the enforcement of the pro-
visions of the Jack-Stallion Act, H.B. 12,
45th Leg., with the express exception of trav-
eling expenses and the supplementing of funds
for specific items."

Hon. J.E. McDonald, Commissioner, page 3

Chapter 7, Article 133, Revised Civil Statutes, 1925, deals with nursery inspection fees. We call your attention to the fact that this article is given in the appropriation bill as Article 153. This is evidently a mistake.

Chapter 3 of Title 4, Revised Civil Statutes, 1925, is the Pink Bollworm law. There are no fees collectible under this Act, and we fail to see the reasons for including said law in the enumeration in the special rider.

Article 5764, Revised Civil Statutes, 1925, provides license fees and charter filing fees for the licensing and formation of marketing associations.

Article 5695, Revised Civil Statutes, 1925, is the fee statute under which inspection of the Weights & Measures Division of the Department of Agriculture is conducted.

Chapter 267, Regular Session, Forty-second Legislature, is the law prescribing the Babcock Dairy Test for butter fat and providing for a license fee payment.

Chapter 304, Regular Session, Forty-first Legislature, is the Act regulating sale of agricultural seed and levying fees on the buyers and sellers thereof.

As may readily be seen from an examination of the special rider above quoted, the provisions of S.B. No. 427 with respect to "all fees and/or unexpended balances" received and receivable by virtue of any of the above listed Acts, as well as H.B. No. 12, First Called Session, Forty-fifth Legislature (the Jack-Stallion Special Fund) are the same. What is true of one Act is true of the others.

It is our opinion that the effect of the Governor's veto is to eliminate certain specific items he blue-penciled under chap. 7, Art. 153, R.C.S., 1925; chap. 3 of title 4, R.C.S., 1925; Art. 5764, R.C.S., 1925; Article 5695, R.C.S., 1925; chap. 267, Reg. Ses., 42nd Leg.; chap. 304, Reg. Ses., 41st Leg., from the

Hon. J.E. McDonald, Commissioner, page 4

General Departmental Appropriation Bill i.e., S.B. No. 427 of the 46th Leg., but that the lump sum appropriation in the special rider of "any fees and/or balances" of monies collected under the above named Acts, which lump sum appropriation was not vetoed by the Governor, would be available to the respective Divisions of the Department of Agriculture, to which the Acts applied, for the employment of necessary personnel and the payment of such salaries and other expenses as are incurred in the enforcement of the provisions of the various Acts above listed, with the express exception of traveling item and the supplementing of funds for specific items.

The reasoning of opinion No. 0-1120 in respect to H.B. No. 12, First Called Session, Forty-fifth Legislature, (Special Jack-Stallion Fund), insofar as the special rider to the Department of Agriculture appropriation is concerned, would apply to the other Acts enumerated in the special rider.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Dick Stout
Assistant

IS:ob

APPROVED SEP 16, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY ___ CHAIRMAN